JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENNHEISER ELECTRONIC CORPORATION, d/b/a SENNHEISER USA, a Delaware Corporation, and SENNHEISER ELECTRONIC GMBH & CO. KG, a German Limited Liability Company<br><br>    Plaintiffs,<br><br>    v.<br><br>TOMASZ CHUTKOWSKI, an Individual, and Does 1-10, Inclusive,<br><br>    Defendants. | Case No.: CV11-07886 SJO (FMOx)<br><br>[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANT TOMASZ CHUTKOWSKI |

/ / /

/ / /

The Court, pursuant to the Stipulation for Permanent Injunction ("Stipulation"), and separate Confidential Settlement Agreement between Plaintiffs SENNHEISER ELECTRONIC CORPORATION d/b/a SENNHEISER USA and SENNHEISER ELECTRONIC GMBH & CO.KG ("Plaintiffs"), on the one hand, and Defendant TOMASZ CHUTKOWSKI ("Defendant") on the other, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant in the above-referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendant and any person or entity acting in concert with, or at the direction of him, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which he may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* § 1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a. copying, manufacturing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiffs' trademarks, including but not limited to, the trademarks with the United States Patent and Trademark Office Registration Numbers: 0,813,211; 1,308,693; and 1,807,190, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiffs' trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    b. performing or allowing others employed by or representing him, or under his control, to perform any act or thing which is likely to injure Plaintiffs, any of Plaintiffs' trademarks, including but not limited to the trademarks with the

United States Patent and Trademark Office Registration Numbers: 0,813,211; 1,308,693; and 1,807,190 and/or Plaintiffs' business reputation or goodwill;

      c.    engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, or other act which would tend damage or injure Plaintiffs; and/or

      d.    using any Internet domain name or website that includes any of Plaintiffs' trademarks including but not limited to the trademarks with the United States Patent and Trademark Office Registration Numbers: 0,813,211; 1,308,693; and 1,807,190.

    2.    Defendant is ordered to deliver immediately for destruction all allegedly unauthorized products, including counterfeit SENNHEISER®-branded products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in his possession or under his control bearing any of Plaintiffs' intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendant's possession.

    3.    This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court, and the case shall be dismissed as to Defendant upon entry of this Permanent Injunction.

    4.    The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

    5.    Defendant will be making an agreed-upon payment to Plaintiffs, as more particularly described in a separate Confidential Settlement Agreement.

    6.    **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all

1 rights to appeal.  This Court expressly retains jurisdiction over this matter to
2 enforce any violation of the terms of this Permanent Injunction.
3      7. **NO FEES AND COSTS.**  Each party shall bear its/her own
4 attorneys' fees and costs incurred in this matter.
5
6     IT IS SO ORDERED, ADJUDICATED and DECREED this 8th day of
7 September, 2012.
8
9 *[signature: S. James Otero]*
10 _____
11 HON. S. JAMES OTERO
United States District Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28